**John L. CORRIGAN, Plaintiff-Appellant,**

v.

**VISA USA; et al., Defendants-Appellees.**

**No. 06–35129.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 27, 2007.[*]

Filed Aug. 31, 2007.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

John L. Corrigan, Auburn, WA, pro se.

Aloysius Grant Lingg, Forsberg & Umlauf, P.S., Seattle, WA, for Visa USA.

Philip M. Guess, Esq., Martha Rodriguez–Lopez, Esq., Kirkpatrick & Lockhart Preston Gates Ellis, LLP, Seattle, WA, for Boeing Employees' Credit Union Financial Services Inc.

Janine C. Blatt, Esq., Jeffrey J. Druckman, Esq., Druckman & Blatt, Portland, OR, for Walgreen Company, Destination Harley–Davidson LLC and Radioshack Corporation.

James M. Shore, Esq., Maren Roxanne Norton, Esq., Stoel Rives, LLP, Seattle, WA, for Peekay Inc.

Before: WALLACE, LEAVY, and THOMAS, Circuit Judges.

### MEMORANDUM **

John L. Corrigan appeals pro se from the district court's judgment dismissing his action alleging, *inter alia,* that his credit card issuer and various merchants violated the Truth–in–Lending Act ("TILA") by requiring Corrigan to provide valid identification before processing his credit card transactions. We have jurisdiction under 28 U.S.C. § 1291. After de novo review, *Vestar Dev. II v. Gen. Dynamics Corp.,* 249 F.3d 958, 960 (9th Cir.2001), we affirm.

The district court properly dismissed Corrigan's TILA claims because TILA does not prohibit the practice of which Corrigan complains, and the statute clearly

** This disposition is not appropriate for publication and is not precedent except as provid-

contemplates that such methods of identification will be used. *See* 15 U.S.C. § 1643(a)(1)(F).

The district court also properly dismissed Corrigan's contract claims because Corrigan failed to plead any facts indicating the breach of any valid contract to which Corrigan is a party. *See Hairston v. Pac. 10 Conf.,* 101 F.3d 1315, 1320 (9th Cir.1996) (explaining meaning of "third-party beneficiary" under Washington law); *see also* Wash. Rev.Code § 19.192.020 ("Any provision of a contract between a merchant or retailer and a credit or debit card issuer ... that prohibits the merchant or retailer from verifying the identity of a customer ... by requiring or requesting that the customer present additional identification is void for violation of public policy.")

Corrigan's remaining contentions lack merit.

### AFFIRMED.